# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **ROSALEE LOWERY and CHARLES LOWERY** | * | **CIVIL ACTION NO. 06-1710** |
| | * | **JUDGE JAMES** |
| **VERSUS** | | |
| | * | **MAGISTRATE JUDGE HAYES** |
| **J.C. PENNEY CORPORATION, INC.** | | |

## MEMORANDUM RULING[1]

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Remand [Document No. 11] filed by Plaintiffs Rosalee ("Rosalee") and Charles Lowery ("Charles") (collectively "Lowery's"). Defendant J.C. Penney Corporation ("J.C. Penney's") opposes the motion. [Document No. 15]. For reasons stated below, Plaintiff's motion to remand is **DENIED**.

## BACKGROUND

Plaintiffs allege that, on or about May 12, 2006, Rosalee Lowery slipped and fell at the J.C. Penney store located at 4761 Pecanland Mall Drive in Monroe, Louisiana. Plaintiffs claim that Rosalee slipped on some liquid or other substance negligently left standing inside the store, thereby seriously injuring her back, neck, head, shoulders, arm, and other areas of her body. The plaintiffs seek recovery for physical pain and suffering (past and future); mental anguish, emotional distress, worry, anxiety, and inconvenience (past and future); medical and related expenses (past and future); loss of enjoyment of life; and permanent disability and impairment, in

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

addition to loss of consortium, service, and society damages. After the defendant removed the case to this Court, the plaintiffs filed an affidavit stating that the amount in controversy in this matter will not exceed $75,000. [Document No. 11]

## LAW AND ANALYSIS

"Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (citing 28 U.S.C. § 1441(a))). "District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." *Id.* (citing 28 U.S.C. § 1332(a)(1)). As it is undisputed in this case that diversity of citizenship exists, the only issue to be decided is whether the amount in controversy requirement is met so as to confer jurisdiction of the plaintiffs' action on this Court.

The Fifth Circuit has ". . . established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to § 1332(a)(1)." *Id.* (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). "Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, 3 La.Code Civ.P. art. 893 (West Supp. 2000), the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Id.* "A defendant can prove the amount either by showing that it is facially apparent from the nature and amount of the claims that they are likely to be above the requisite amount, or by setting forth the facts which would support a finding of the requisite amount." *Robinson v. Delchamps, Inc.*, 1998 WL 352131, *1 (E.D.La. June 30, 1998) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

"Once a defendant has made such a showing, diversity jurisdiction may be defeated only if the plaintiff demonstrates to a 'legal certainty' that the amount in controversy does not exceed $75,000." *Franco v. Teasdale*, 2006 WL 2224743, *1 (E.D.La. Aug. 1, 2006) (citing *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002)). "One such way for a plaintiff to satisfy the legal certainty test is to file a binding stipulation or affidavit with the *original* complaint." *Franco* at *1 (emphasis in original). However, because jurisdiction is determined at the time of removal, ". . . post-removal affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal." *Gebbia*, 233 F.3d at 883 (citing *Asociacion Nacional de Pescadores a Pequena Escala o Artesanales (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559 (5th Cir. 1993). Accordingly, ". . . if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (U.S. 1938); *ANPAC*, 988 F.2d at 565).

In *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000), a slip-and-fall case similar to the one at bar, the plaintiff alleged injuries to her wrist, knee, patella, and upper and lower back. The Fifth Circuit found that the plaintiff's claim for damages for medical expenses; physical pain and suffering; mental anguish and suffering; loss of enjoyment of life; loss of wages and earning capacity; and permanent disability and disfigurement was sufficient to support the lower court's finding that it was facially apparent that the plaintiff's claimed damages exceeded $75,000 and, therefore, that the lower court was correct to ignore the plaintiff's post-removal affidavit and stipulation claiming damages less than $75,000. *Id.* (citing *St. Paul*

3

*Indem.*, 303 U.S. at 390); *see also Robinson v. Delchamps, Inc.*, 1998 WL 352131 (E.D.La. June 30, 1998) (slip-and-fall case in which the court found that plaintiff's allegation of nine different types of damages, including physical and mental pain and suffering (past and future); loss of income (past and future); medical expenses (past and future); loss of enjoyment of life (past and future); disability (past and future, hedonic damages (past and future); loss of household services; and disfigurement made it facially apparent that the requisite jurisdictional amount was met); *Franco v. Teasdale*, 2006 WL 2224743 (E.D.La. Aug. 1, 2006); *Nelson v. Family Dollar Stores of La., Inc.*, 2005 U.S. Dist. LEXIS 3316 (E.D.La. Feb. 18, 2005).

The Court finds *Gebbia* persuasive on the current facts. The plaintiffs allege that Rosalee Lowery suffered serious injuries to her back, neck, head, shoulders, arms, and other areas of her body, for which she seeks damages for physical pain and suffering (past and future); mental anguish, emotion distress, worry, anxiety, and inconvenience (past and future); medical and related expenses (past and future); loss of enjoyment of life; and permanent disability and impairment. Complaint ¶ 4-9. The plaintiffs also allege that Charles Lowery is entitled to damages for loss of consortium, service, and society. Complaint ¶ 9. Given the number and nature of the plaintiffs' claimed damages, the undersigned finds that it is facially apparent that the amount in controversy exceeds the requisite jurisdictional amount. In light of this finding, the plaintiffs' post-removal affidavit stating that their damages will not exceed $75,000 does not divest this Court of jurisdiction. *See Gebbia*, 233 F.3d at 883-884 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (U.S. 1938); *ANPAC*, 988 F.2d at 565.); *see also Franco* at *3. Furthermore, the cases cited by the plaintiffs for the proposition that a general damages award of approximately $12,500 to $24,000 is typical for injuries similar to those at bar

4

fall far short of meeting the legal certainty standard. *See DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (stating that a plaintiff may meet the legal certainty test by citing to ". . . a state law that prohibits recovery of damages that exceed those requested in the *ad damnum* clause and that prohibits the initial *ad damnum* clause to be increased by amendment"[2] but, "[a]bsent such a statute, 'litigants who want to prevent removal must file a binding stipulation or affidavit *with their complaints*.'"(emphasis added) (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992))); *Franco* at *3 ("The 'legal certainty' standard requires that plaintiff show that state law operates to prevent recovery in excess of the federal jurisdictional amount or that plaintiff is 'bound irrevocably' to recover an amount less than the federal jurisdictional amount.").

Accordingly, this Court finds that Defendants have met their burden of proving that the amount in controversy at the time of the removal exceeded the jurisdictional amount; therefore, jurisdiction is proper and Plaintiffs' Motion to Remand [Document No. 11] is hereby **DENIED.**

**THUS DONE AND SIGNED** this 28th Day of December, 2006, in Monroe, Louisiana.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[2]Again, Louisiana law does not allow a plaintiff to plead a specific amount of damages, La.Code Civ. Proc. art 893(A)(1), nor have the plaintiffs done so in this case.